UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDWARD F. SPILLER, )
)
  Plaintiff, )
) Case No. 17-1026
)
OFFICER CARTER, et. al., )
)
  Defendants )

MERIT REVIEW ORDER

This cause is before the Court for review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Officer Carter, Superintendent Asbell, Sheriff Michael McCoy and Officer Christopher Schauchtrup violated his constitutional rights at the Peoria County Jail. Unfortunately, the Court is not able to clearly discern Plaintiff's intended claims. For instance, in the first paragraph, Plaintiff first says he was released from the jail, but then Plaintiff claims he wants an inmate to be placed on his "keep away list," and he wants to be moved to general population. (Comp., p. 5). Plaintiff further complains his living conditions are too cold and does not have a t.v. or hot water. Plaintiff further alleges this is "payback" for all his lawsuits,

1

but in the portion of the complaint which asks for his litigation history, Plaintiff claims he has never filed another lawsuit. (Comp., p. 3, 5).

"[*P*]*ro se* litigants are held to a lesser pleading standard than other parties," *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir.2010) (noting that the district court must construe a *pro se* complaint liberally). Nonetheless, "plaintiff must make allegations that associate specific defendants with specific claims, so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *McIntosh v. Wexford Health Sources, Inc.*, 2017 WL 1067782, at *5 (S.D.Ill. March 21, 2017), *citing Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). The Court is simply unable to decipher Plaintiff's intended claims. Therefore, Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir.2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be granted.")(citations omitted); *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005)("a district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice.); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)("The dismissal of a complaint on the ground that it is unintelligible is

unexceptionable."); *Johnson v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.").

The Court will allow Plaintiff one opportunity to clarify his intended claims. Plaintiff's amended complaint MUST include numbered paragraphs. Each paragraph should state only one claim. Plaintiff should state when the event occurred, who was involved, how they were involved and what happened. For instance, if Plaintiff is alleging he should have been released from segregation, he should state how long he was in segregation, why he should have been released, and who refused to release him. If Plaintiff is stating a claim based on his living conditions, he should say what cell he was in, how long he was in the cell, specifically what was wrong with the cell and who knew about the problems and refused to address them. Finally, if Plaintiff is alleging a Defendant retaliated against him, Plaintiff should say who retaliated, when they retaliated, how they retaliated and why they retaliated. If the basis of the retaliation was a previous lawsuit, Plaintiff should identify the lawsuit and how the Defendants knew about it. Plaintiff must also provide his full litigation history in his complaint.

If Plaintiff fails to follow the Court's specific directions, or fails to file his complaint by the deadline provided, his case will be dismissed. *See Wilson v. Bruce*, 400 Fed. Appx 106, 109 (7th Cir. 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

## MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff has filed a motion for appointment of counsel.[6]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has not demonstrated any attempt to find counsel such as a copy of letters sent or received. Therefore, his motion is denied with leave to renew once Plaintiff clarifies his claims.[6]

IT IS THEREFORE ORDERED:

1) Based on a review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A, the Court finds the complaint is a violation of Rule 8 of the Federal Rules of Civil Procedure. Therefore, the complaint is dismissed.

2) Plaintiff may file an amended complaint within 21 days of this order. The amended complaint must stand complete on its own and must not make reference to any previous filing. Plaintiff MUST also file the Court's specific instructions in his amended complaint. Plaintiff must file his proposed second amended complaint within 21 days of this order or on or before May 3, 2017. If Plaintiff does not file his second amended complaint on or before

May 3, 2017 or fails to follow the Court's specific instructions, his case will be dismissed.

3) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him. The Clerk is also directed to reset the internal merit review deadline for 30 days from the date of this order.

4) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claims. [6]

Entered this 11th day of April, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE